# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

SALLY ANN MAEZ

       Plaintiff,

vs.

SPRINGS AUTOMOTIVE GROUP LLC.,
  A Colorado Limited Liability Corporation

       Defendants,

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL
_____

COMES NOW the Plaintiff, by and through the undersigned attorneys, and hereby files this Complaint and Jury Demand against the above-stated Defendant and in support of said Complaint states as follows:

### INTRODUCTION

1. Plaintiff bring this class action as a result of certain truth-on-lending violations made in connection with the sale and financing of automobiles by the Defendant Springs Automotive Group (SAG) to these Plaintiff individually, and on behalf of others similarly situated.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. §1691.  Supplemental jurisdiction regarding the state court claims is conferred pursuant to 28 U.S.C. §1367.

3. Venue is proper because the acts and transactions occurred in Colorado, the Plaintiff resides in Colorado, and the Defendant transacts business in Colorado..

## PARTIES

4. Plaintiff Sally Maez, at all times material hereto were and are residents of the State of Colorado at the time of the conduct which is set forth herein.

5. Defendant Springs Automotive Group LLC. (hereinafter "SAG") is a Colorado corporation engaged in the sale and financing of motor vehicles and related equipment and services, with its principal place of business located at 3499 E. Platt Drive, Colorado Springs Colorado 80909 and a registered agent Gilbert Weiskopf, 6 S. Tejon, Suite 650, Colorado Springs, Colorado 80903.

## GENERAL ALLEGATIONS

6. On or about February 24, 2009 Plaintiff purchased a used 1990 Honda Civic automobile from the Defendant SAG, which vehicle was financed by that Defendant.

7. The vehicle is registered in the State of Colorado.

8. The vehicle was sold pursuant to a Retail Installment Sales Contract (RISC) with the Defendant as the creditor/secured party.

9. At the time of the execution of the RISC, SAG overstated the true cost of the filing fees paid to public officials.

10. Upon information and belief the overstatement of filing fees paid to public officials is a standard business practice of Defendant.

11. At the time of the execution of the RISC the Defendant failed to disclose the true cost of credit to the Plaintiff.

12. The RISC contained a charge for "Group Buyers Fee" of $500.

13. Upon information and belief, the "Group Buyers Fee" represents an undisclosed finance charge.

14. At the time of the execution of the RISC the Defendant included a charge for a tracking device.

15. The tracking device was not installed on the vehicle.

16. The act of Defendant charging for a device/service it did not provide constitutes theft.

17. The charge for the uninstalled tracking device represented an undisclosed finance charge.

18. Such undisclosed finance charges are a violation of the Truth in Lending Act 15 U.S.C. §1638 et. seq. and as a result Plaintiff has suffered damages which are common to all putive class members as set forth below.

## CLASS ALLEGATIONS

19. Plaintiff adopt by reference Paragraphs 1 through 16 above.

20. This is a statewide class action brought on behalf of Class Plaintiff who entered into contracts for the purchase and/or financing of automobiles with the Defendant SAG. As a result of Defendant's conduct, each putative Class member suffered damages as permitted by C.R.S. § 18-4-405.

21. Plaintiff Sally Maez seeks individually, and on behalf of the class, injunctive and monetary relief, including an order enjoining the Defendant SAG from engaging in the deceptive and unlawful practices complained of herein, and statutory, compensatory and punitive damages as may be awarded at trial.

22. Class members are so numerous that their individual joinder herein is impracticable. Upon information and belief, the number of class members may number in the many hundreds of

persons in the State of Colorado and may be determined from records maintained by the Defendants from their files. Class members may be notified of the pendency of this action by mail, or published notice as deemed necessary or appropriate by the court.

23. Existence of Common Questions of Fact and Law. F.R.C.P. §23(a)(2): Common questions of law and fact exist as to all members of the class. The common questions of fact and law at issue include the following:

   a. Whether the Defendants' conduct violates 15 U.S.C.1638 et. seq., for the following conduct:

      1. By failing to disclose accurately the "finance charge," in violation of 15 U.S.C. §1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;
      2. By failing to disclose accurately the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b);
      3. By failing to disclose accurately the "annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e); and
      4. By failing to disclose accurately the payment schedule in violation of 15 U.S.C. §1638(a)(6) and Regulation Z, 12 C.F.R. §226.18(g).

   b. Whether injunctive relief is appropriate and, if so, what form of injunctive relief would be most appropriate;

   c. Whether Plaintiff and members of the class have suffered actual damages as a result of the conduct alleged herein, and if so, the amount of such damages; and

   d. Whether Defendant SAG has committed "civil theft" as set forth in C.R.S. § 18-4-405 and the amount of such damages each class member has sustained including treble damages.

24. Typicality. F.R.C.P. §23(a)(3): Plaintiff' claims are typical of the claims of the members of the class because they all entered into sales agreements and financing contracts utilizing

standardized forms and agreements furnished by the Defendant and because Defendants' activities, on information and belief, were standardized throughout the state. As such, reliance of each Class Claimant that entered such standard contract and/or was overcharged for "filing fees" should be presumed

25. <u>Adequacy</u>. F.R.C.P. §23(a)(4): Plaintiff is an adequate representative of the class because her individual interests do not conflict with the interests of other class members, and she has retained counsel competent and experienced in complex class action litigation. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

26. <u>Predominance of Common Questions and Superiority of Class Action</u>. F.RC.P. §23(b)(3): The common questions of law and fact set forth above predominate over any questions affecting only individual members of the class. In addition, a class action in this matter is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by each individual class member are small in comparison to the burden and expense of individual prosecution of these claims. Further, even if the members of the class could afford such individual litigation, the court system could not. In contrast, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court of what may amount to, literally, thousands of separate claims.

**FIRST CAUSE OF ACTION**
(Violations of the Truth in Lending Act for all class members)

27. Plaintiff, on behalf of all class members similarly situated, adopt and reallege each allegation set forth above.

28. Defendant violated the Truth in Lending Act and Regulation Z by failing to deliver accurate disclosures as required by the Truth in Lending Act prior to the consummation of the sale and Regulation Z, including the following:

    a. By failing to disclose accurately the "finance charge," in violation of 15 U.S.C. §1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;
    b. By failing to disclose accurately the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b);
    c. By failing to disclose accurately the "annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e);
    d. By failing to disclose accurately the payment schedule in violation of 15 U.S.C. §1638(a)(6) and Regulation Z, 12 C.F.R. §226.18(g).

29. As a result of any or all of the aforementioned breaches by the Defendant, Plaintiff individually and on behalf of all class members suffered damages and are entitled to penalties as permitted by 15 U.S.C. § 1640 and other applicable sections including statutory damages and attorneys fees.

## SECOND CAUSE OF ACTION
(Claim for civil theft on behalf of all class members**)**

30. Plaintiff, on behalf of all class members similarly situated, adopt and reallege each allegation set forth above.

31. The conduct of the Defendant SAG constitutes civil theft as defined in C.R.S. § 18-4-405 resulting in damage to the Plaintiff.

32. That the conduct of the Defendant SAG is such that Plaintiff and all class members similarly are entitled to an award of treble damages in an amount not yet determinable at this time plus prejudgment interest at the legal rate and attorneys fees as provided in C.R.S. § 18-4-405.

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issued raised herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request, individually and on behalf of all members of the class as to those claims pertinent to them, that judgment be entered against Defendant for the damages sustained by reason of each of the causes set forth above, including compensatory and statutory damages and penalties as permitted by statute in an amount to be determined at trial, statutory damages and attorneys fees as provided in C. R.S. § 18-4-405 and/or 15 U.S.C. § 1640, punitive damages in an amount to be determined at trial, and for an order of court providing as follows:

a. That Defendant SAG provides an accounting of all monies wrongfully received as a result of the conduct complained of herein;

b. That Defendants be enjoined from engaging in the conduct complained of herein;

c. That Defendants be required to provide adequate notice to its present and future customers of the practice complained of, allowing consumers who receive said notice the option to avoid their existing contracts with Defendant;

d. Any other relief including injunctive relief that to this court seems just and proper in this action, including expert witness fees; and

e. That all class members be awarded compensatory and statutory damages including attorney's fees claimed above.

RESPECTFULLY submitted this ___21st___ day of May 2009.


                                                */s Richard Wynkoop*
Richard Wynkoop
Wynkoop & Thomas PC
4410 Yates Street
Denver, CO 80212
720-855-0451
720-855-0469 Facsimile
rickwynkoop@yahoo.com