**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01159-REB-CBS

SALLY ANN MAEZ,

    Plaintiff,

v.

SPRINGS AUTOMOTIVE GROUP, LLC, a Colorado limited liability corporation,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR CLASS CERTIFICATION**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Class Certification** [#25], filed November 23, 2009.  Although at first pass it appears that this action well might be ripe for class-wide determination and relief, plaintiff's purports to represent a class comprised of

> All persons and entities who, in the State of Colorado, entered into Retail Installment Sale Contracts with the Defendant wherein they were overcharged for statutory filing fees and ***other charges which constituted violations of 15 U.S.C. § 1638 et. seq. and civil theft pursuant to C.R.S. § 18-4-405***.  (Emphasis supplied.)

Because the highlighted portion of the definition is inappropriate, and noting other infirmities, I deny the motion to certify the proposed class, albeit without prejudice to refile under a more precise and objective definition.

In addition to the express requirements of Fed.R.Civ.P. 23(a), a class also must be sufficiently definite "so that it is administratively feasible for the court to determine

whether a particular individual is a member." ***Hagen v. City of Winnemucca***, 108 F.R.D. 61, 63 (D Nev. 1985) (citation and internal quotation marks omitted). "A class is adequately defined if its members can be ascertained by reference to objective criteria." ***Anderson v. Merit Energy Co.***, 2008 WL 2484187 at * 2 (D. Colo. June 19, 2008) (citations and internal quotation marks omitted); ***see also LaBerenz v. American Family Mutual Insurance Co.***, 181 P.3d 328, 336 (Colo. App. 2007) (construing C.R.C.P. 23(a)), ***cert. denied***, 2008 WL 17701094 (Colo. Apr. 14, 2008). Conversely, and more particularly for present purposes, "[a] class definition is too general when it would require the court to determine whether a person's constitutional rights had actually been violated in order to determine whether that person was a class member." ***Catanzano v. Dowling***, 847 F.Supp. 1070, 1078-79 (W.D.N.Y. 1994) (citation and internal quotation marks omitted).

Plaintiff's proposed class definition runs afoul of these principles because membership in the class cannot be determined without first finding that a particular putative class member, in fact, has a claim under TILA or the Colorado civil theft statute. Yet it is not appropriate to pass on the merits of the claims at the class certification stage. ***See Hagen***, 108 F.R.D. at 63-64 (citing ***Eisen v. Carlisle & Jacquelin***, 417 U.S. 156, 177-78, 94 S.Ct. 2140, 2152-53, 40 L.Ed.2d 732 (1974)). Plaintiff's proposed definition clearly would require such a determination. Moreover, if the class were allowed to proceed under the definition currently proposed, it well may render the putative class representative's claims not typical of the class, since an unknown number of possible marginally related or wholly unrelated legal claims or factual circumstances

not implicated in the class representative's own potentially could become involved.[1]

I point out these perceived infirmities in the proposed class definition by way of example, not limitation. It may be that further refinements and delimiting criteria beyond those noted here are required. I will leave it to plaintiff in the first instance to more precisely and objectively define the putative class she seeks to represent.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Class Certification** [#25], filed November 23, 2009, is **DENIED WITHOUT PREJUDICE**.

Dated May 19, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[1] In addition, the proposed definition includes no temporal limitation. **See Vickers v. General Motors Corp.**, 204 F.R.D. 476, 477-78 (D. Kan. 2001). The term "overcharged" could benefit from more precise definition as well. Of course, I do have authority to supply a definition where the one proposed is inadequate. **See In re Wilborn**, 404 B.R. 841, 857 (Bankr. S.D. Tex. 2009). Nevertheless, given the other infirmities noted herein, I decline to exercise my discretion in that regard.