IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-01159-REB-CBS

SALLY ANN MAEZ,

    Plaintiff,

v.

SPRINGS AUTOMOTIVE GROUP, LLC, a Colorado limited liability corporation,

    Defendant.

**ORDER GRANTING AMENDED MOTION FOR CLASS CERTIFICATION**

**Blackburn, J.**

The matter before me is plaintiff's **Amended Motion for Class Certification** [#47][1] filed May 26, 2010. I grant the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction), and 15 U.S.C. § 1640(e) (Truth in Lending Act).

## II. STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 23(a), a class may be certified if the following requirements are met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class, and; (4) the

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

representative parties will adequately protect the interests of the class. **See**
**FED.R.CIV.P.** 23(a).

If the requirements of Rule 23(a) are satisfied, then one of the alternative requirements outlined in Rule 23(b) also must be met. Plaintiff seeks class certification primarily under Rule 23(b)(3), which provides that the action may be maintained as a class action if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." **FED.R.CIV.P.** 23(b)(3). Matters pertinent to the court's inquiry under Rule 23(b)(3) include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

Class certification is a matter committed to the discretion of the trial court. ***Anderson v. City of Albuquerque***, 690 F.2d 796, 799 (10th Cir. 1982). Once certified a class may be altered, expanded, subdivided, or abandoned as the case develops. ***See, e.g.***, ***Daigle v. Shell Oil Co.***, 133 F.R.D. 600, 602 (D. Colo. 1990); ***Dubin v. Miller***, 132 F.R.D. 269, 270-75 (D. Colo. 1990). Given this flexibility, doubts about the propriety of entertaining a class action should be resolved in favor of proceeding on granting certification. ***Esplin v. Hirschi***, 402 F.2d 94, 99 (10th Cir. 1968) ("[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action,

2

for it is always subject to modification should later developments during the course of the trial so require."), **cert. denied**, 89 S.Ct. 1194 (1969).

### III.  ANALYSIS

On February 24, 2009, plaintiff purchased a used car from defendant, which she financed through a Retail Installment Sales Contract ("RISC").  Although plaintiff was charged $189.20 for a government certificate of title fees, the actual cost to file such documents was $17.20.  Plaintiff contends that these overcharges (1) violate the Truth in Lending Act, 15 U.S.C. §§ 1638(a)(2), (3), (4) & (6) ("TILA"), and certain of its implementing regulations, 12 C.F.R. §§ 226.18(b), (d), (e) & (f) & 226.4 ("Regulation Z"); and (2) also constitute civil theft under state law, §18-4-405, C.R.S.

Plaintiff seeks certification of a plaintiff class.  I denied without prejudice plaintiff's previous motion for class certification on the ground that the then-proposed class definition was inappropriately vague and imprecise.  (**See Order Denying Without Prejudice Motion for Class Certification** [#45] entered May 19, 2010.)  **See also Anderson v. Merit Energy Co.**, 2008 WL 2484187 at *2 (D. Colo. June 19, 2008) ("A class is adequately defined if its members can be ascertained by reference to objective criteria.") (citation and internal quotation marks omitted).  The instant motion is plaintiff's attempt to rectify those infirmities.[2]  In analyzing this motion, I have relied also on the substantive arguments set forth in the parties' briefs in support of and opposition to the original motion for class certification.

---

[2]  Although defendant attempts to reframe my reference to other "perceived infirmities" as going to matters beyond class definition, it is clear from my order that I referred only to the plaintiff's proposed definition of the class.

3

## A. CLASS DEFINITION

Although not mentioned specifically in Rule 23 itself, a prerequisite to class certification is an appropriate class definition. *Stolz v. United Brotherhood of Carpenters & Joiners of America, Local Union No. 971*, 620 F.Supp. 396, 403 (D. Nev. 1985). Plaintiff now proposes the following revised class definition:

> All consumers who, in the State of Colorado, entered into Sale Contracts with the Defendant wherein the consumer was overcharged for statutory filing fees in excess of those permitted by the State of Colorado Department of Revenue.[3]

Defendant maintains that the proposed definition is inappropriate because plaintiff has failed to define a class with claims similar to hers, noting that 125 of the 516 individuals plaintiff has identified as having been overcharged for title filing fees did not enter into financing agreements with defendant at all, but rather paid cash. This assertion is true and apparently uncontested, but as the proposed class definition specifically contemplates that the class will consist of those who "entered into Sale Contracts," individuals who did not finance are excluded from the proposed class in any event. Moreover, defendant does not explain how the potential claims of the remaining 391 putative plaintiffs who did finance their purchases are so substantially dissimilar from plaintiff's claim as to undermine the proposed class definition.

With respect to plaintiff's state law claim for civil theft, defendant maintains that plaintiff "has neglected to address how the[] required elements of detrimental reliance

---

[3] Plaintiff does not appear to intend to include in her class definition any claims relating to the assessment of a "Group Buyer's Fee," which does not appear to be a statutory filing fee of any description and with respect to which the requirement of numerosity does not appear to be satisfied in any event. I, therefore, do not intend to include such claims within the class.

4

and specific intent could be established on a class-wide basis[.]" Clearly, however, the misrepresentation sought to be relied on in this case was that contained in the RISC to the effect that the filing fees were greater than the actual cost to defendant. Nothing in the cases cited by defendant suggest that any more direct or personal statement is required to satisfy this element of a civil theft claim under Colorado law, as defendant's argument implies. Defendant's remaining arguments go to the merits of the civil theft claim, which are not appropriate for resolution on a motion for class certification, *see Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009), and to alleged pleading defects, which would have been better addressed in a motion to dismiss.

Although not noted in defendant's response to the motion, plaintiff's proposed definition does not include a temporal limitation. *See Vickers v. General Motors Corp.*, 204 F.R.D. 476, 477-78 (D. Kan. 2001) (refusing to certify a class in part because no temporal limitation was propounded). However, the court "is not bound by the class definition proposed in the complaint," *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11, 14 (2nd Cir.) (citation and internal quotation marks omitted), *cert. denied*, 114 S.Ct. 419 (1993), and, thus, may refine the suggested definition if necessary, *see In re Monumental Life Insurance Co.*, 365 F.3d 408, 414 (5th Cir.), *cert. denied*, 125 S.Ct. 277 (2004).

TILA provides that claims thereunder must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Claims for civil theft under Colorado law must be brought within two years. *Michaelson v. Michaelson*, 923

P.2d 237, 242 (Colo. App. 1995), ***rev'd on other grounds***, 939 P.3d 835 (Colo. 1997).[4]

Plaintiff purchased her car in February, 2009, and filed this lawsuit on May 21, 2009. Based on plaintiff's evidence, the class she seeks to represent includes putative claimants who entered into RISCs with defendant no earlier than July, 2008. All such claims are within the relevant statutes of limitation. Therefore, I will amend plaintiff's proposed definition to add a temporal limitation that accounts for these matters.

Thus, I conclude that the class should be defined as follows:

> All consumers who, in the State of Colorado, entered into Sale Contracts with Spring Automotive Group LLC, on or after May 21, 2008, wherein the consumer was charged statutory filing fees in excess of those permitted by the State of Colorado Department of Revenue.

Having thus determined the appropriate class, I turn to the question whether this matter is, in fact, appropriate for treatment as a class.

## B. RULE 23(a)

**1. Numerosity**.

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all members of the class is impracticable. There is no minimum numerical threshold that must be exceeded to satisfy this requirement. Rather, the nature of the particular case and the nature of the proposed class are key considerations in determining whether

---

[4] It appears that Colorado courts recognize a cause of action for civil theft for the alleged theft of money, **see, e.g.**, ***Itin v. Ungar***, 17 P.3d 129, 131 (Colo. 2000); ***Cedar Lane Investments v. American Roofing Supply of Colorado Springs, Inc.***, 919 P.2d 879, 882 (Colo. App. 1996), and defendant has not argued otherwise in this litigation. Although the **Final Pretrial Order** ¶ 3.b. at 3 [#3], filed May 11, 2010, leaves the matter obscure, in her **Amended Complaint** ¶ 16 at 3 [#14], filed July 13, 2009, plaintiff alleged that defendant committed civil theft by charging her for a tracking device that was never installed in the vehicle. Since plaintiff neither alleges nor proves that any other class member was charged for but did not receive such a device, I confine my analysis solely to a civil theft claim only insofar as it pertains to the alleged overcharges for statutory filing fees.

joinder of all parties is impractical.  *See, e.g.*, ***Horn v. Associated Wholesale Grocers, Inc.***, 555 F.2d 270, 274-76 (10th Cir. 1977).

Although defendant points out that 125 of the 516 individuals identified by plaintiff as having been overcharged for statutory filing fees did not enter into financing agreements and, therefore, have no TILA claims, it does not suggest why the remaining 391 individuals who are legitimately within the class definition are insufficiently numerous to justify class treatment.  Joinder of that many people in an action such as this one, where the individual claims are relatively small in relation to the cost of litigation, clearly is not practical.  Thus, I find that the numerosity requirement is satisfied with respect to the proposed class as I have redefined it.

### 2.  Commonality and Typicality

Rule 23(a)(2) requires that the claims of members of a proposed class present "common questions of law or fact."  Complete identity of legal claims among class members is not required.  Rather, this provision requires that there be two or more issues whose resolution will affect all or a significant number of the members of the proposed class.  ***See Stewart v. Winter***, 669 F.2d 328, 335 (5th Cir. 1982).  Rule 23(a)(3) requires that the claims of a proposed class representative be typical of the claims of the class.  The typicality requirement is satisfied if there are common questions of law or fact.  ***Milonas v. Williams***, 691 F.2d 931, 938 (10th Cir. 1982), ***cert. denied***, 103 S.Ct. 1524 (1983); ***Adamson v. Bowen***, 855 F.2d 668, 676 (10th Cir. 1988).  Thus, "[t]he commonality and typicality requirements tend to merge," although both "serve as guideposts for determining whether . . . maintenance of a class action is

7

economical and whether the named plaintiff's claim and the class claims are [sufficiently] interrelated." ***General Telephone Company of Southwest v. Falcon***, 457 U.S. 147, 157 n.13, 102 S.Ct. 2364, 2370 n.13, 72 L.Ed.2d 740(1982).

It is not difficult to find common factual and legal questions within a class of plaintiffs who all signed form contracts containing identical provisions. "Claims arising out of standard documents present a classic case for treatment as a class action." ***Arenson v. Whitehall Convalescent and Nursing Home, Inc.***, 164 F.R.D. 659, 664 (N.D. Ill. 1996) (citation and internal quotation marks omitted). ***See also Singer v. AT&T Corp.***, 185 F.R.D. 681, 688 (S.D. Fla. 1998). Questions about whether amounts defendant charged customers above the actual statutory filing fees violated TILA and its implementing regulations, and whether defendant's retention of those same fees constitutes civil theft, are common to all members of the class. Accordingly, I find the requirement of commonality to be satisfied.

A plaintiff's claim is typical of class claims if it challenges the same conduct that would be challenged by the class. ***See, e.g.***, ***Johnston v. HBO Film Management***, ***Inc.***, 265 F.3d 178, 184 (3rd Cir. 2001). Defendant argues that plaintiff's claims are not typical because she ceased making payments on the vehicle within a few months after the care was stolen and totaled. This argument fails for at least two reasons. First, factual differences among individual claims do not defeat typicality, as long as the legal theory underlying the claims is the same. ***Id.*** Moreover, defendant's reliance for this premise on a clause in the RISC which provides that "RECOVERY HEREUNDER . . . SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER" (Def. Resp.

8

App., Exh. 1 at 2 [#30], filed January 13, 2010), is misplaced. Plaintiff does not seek to recover under the terms of the RISC. Her claim is for tort-like damages under TILA and §18-4-405, C.R.S., which impose duties related to but independent of the contract.

Defendant maintains also that plaintiff's claims are not typical because she failed to return the car within seven days, as required by an addendum to the RISC, to allow defendant to install a tracking device. Defendant argues that installation of the device was a condition precedent to the extension of credit, and, thus, plaintiff's financing contract was never consummated. I have already found this argument insufficient to merit summary judgment in defendant's favor on plaintiff's TILA claim, and, without passing on the merits specifically, it does not strike me as particularly compelling. Nevertheless, and although unique defenses may defeat a motion for class treatment if they are such that "the representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class," **Beck v. Maximus, Inc.**, 457 F.3d 291, 297 (3rd Cir. 2006), as the finder of fact in this trial to the court, I do not perceive that resolution of this issue will so overwhelm the trial of this case or so confuse the issues that the claims common to the class will be obscured or shortchanged. Moreover, because I have discretion to modify or vacate class certification should development of the case make that avenue prudent, **see Daigle**, 133 F.R.D. at 602, I resolve any minimal doubts in favor of a finding of typicality.

### 3. Adequacy of Representation

Rule 23(a)(4) requires that a proposed class representative adequately protect the interests of the class as a whole. This requirement is intended to ensure that the

class representative has sufficient interests in common with the class that the representative will adequately assert and protect the interests of the class. The adequate representation requirement of Rule 23(a)(4) concerns both the competence of the class representative's counsel and the representative's willingness and ability to control the litigation and to protect the interests of the class as a whole. **See, e.g.**, **Horton v. Goose Creek Independent School District**, 690 F.2d 470, 484 (5th Cir. 1982), **cert. denied**, 103 S.Ct. 3536 (1983).

Defendant's arguments against adequacy mimic those it advances in derogation of typicality, and fare no better. Its arguments are insufficient to overcome the presumption in favor of a finding of adequacy. **See Schwartz v. Celestial Seasonings, Inc.**, 178 F.R.D. 545, 552 (D. Colo. 1998). To the contrary, given her submissions *pro tanto* and on the current record, I conclude that the named plaintiff is willing and able to control the litigation and to protect the interests of the class as a whole. As discussed further below, I conclude also that counsel for the named plaintiff has demonstrated ample competence to represent the named plaintiff and the class in this case.

### C. RULE 23(b)

As noted above, in addition to satisfying the requirements of Rule 23(a), a putative class action must meet also the requirements of at least one subsection of Rule 23(b). I conclude that Rule 23(b)(3) comprises the most appropriate classification for this case, and, therefore, do not consider plaintiff's alternative arguments under Rule 23(b)(1). Certification of a class under Rule 23(b)(3) is appropriate if "the court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." **FED.R.CIV.P.** 23(b)(3).

Predominance focuses on the question of liability. *Queen Uno Ltd. Partnership v. Coeur D'Alene Mines*, 183 F.R.D. 687, 695 (D. Colo. 1998). "[I]f the liability issue is common to the class, common questions are held to predominate over individual questions." *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y. 1987) (citation and internal quotation marks omitted). The liability issue here concerns whether defendant's alleged misrepresentations of the amount of statutory filing fees in its form financing contract violates TILA and the Colorado civil theft statute. This pivotal issue is at the heart of all class members' claims and clearly predominates over any potential individual issues in this case.

I find further that the class action form is superior in this instance for adjudicating these claims. There is no conflict of law issue to be resolved, as all the contracts at issue were consummated in Colorado. *Cf. Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300-01 (7th Cir.), *cert. denied*, 116 S.Ct. 184 (1995). Moreover, even the most substantial of the alleged overcharges here amounts to but a few hundred dollars. The costs associated with pursuing those relatively *de minimus* claims individually almost certainly would be prohibitive for the majority of class members. *See Queen Uno Ltd. Partnership*, 183 F.R.D. at 695. *See also Cook v. Rockwell International Corp.*, 181 F.R.D. 473, 482 (D. Colo. 1998) (finding superiority satisfied, *inter alia*, "if the stakes to each class member were too slight to repay the costs of suit") (citation and

internal quotation marks omitted). In addition, and although the issues in this case do not appear to be unduly difficult or complex, there is no reason, in considering this form contract, to "reinvent the wheel for each claim," "repeating, hundreds of times over, litigation of common issues." *Cook*, 181 F.R.D. at 481 (citation and internal quotation marks omitted).

As none of the remaining considerations specified in Rule23(b)(3) are relevant, *see* **FED.R.CIV.P.** 23(b)(3)(A) - (D), I find and conclude that the certification of a class in this case pursuant to Rule 23(b)(3) is appropriate and warranted.

### D. RULE 23(g)

Under Rule 23(g), the court must appoint class counsel when a class is certified. Factors relevant to the appointment of class counsel are the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. **FED.R.CIV.P.** 23(g)(1)(A)(I) - (iv).

The expertise and qualifications of proposed class counsel are set forth in the affidavits of Michael J. Kleinman and Richard Wynkoop (*see* **Motion for Class Certification, App.** Exh. 2 [#25], filed November 23, 2009), which I incorporate by reference. Based on counsel's experience in the relevant areas of law, and the conduct of plaintiff's counsel to date in this case, I conclude that plaintiff's counsel satisfies the requirements outlined in Fed.R.Civ.P. 23(g). Plaintiff's counsel is amply qualified to act as counsel for the class.

## E. NOTICE

Under Rule 23(c)(2)(B), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort" when a class is certified under Rule 23(b)(3). I will direct plaintiff to file with the court a proposed form of notice to members of the class and to propose a method for directing the notice to the members of the class. After defendant has had an opportunity to respond to plaintiff's proposals, I will direct a form of notice and a method of notifying the members of the class.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Amended Motion for Class Certification** [#47], filed May 26, 2010, is **GRANTED** consistent with the foregoing findings and conclusion and the following orders;

2. That a plaintiff class is **CERTIFIED** and **DEFINED** as

All consumers who, in the State of Colorado, entered into Sale Contracts with Spring Automotive Group LLC, on or after May 21, 2008, wherein the consumer was charged statutory filing fees in excess of those permitted by the State of Colorado Department of Revenue;

3. That Michael Kleinman, Attorney at Law, and Richard Wynkoop, of Wynkoop & Thomas PC, are **APPOINTED** as counsel for the plaintiff class;

4. That on or before **July 9, 2010**, plaintiff **SHALL FILE** with the court a proposed form of notice to members of the class and a proposal for directing the notice to the members of the class, in compliance with FED.R.CIV.P. 23(c)(2)(B);

5. That the deadlines for defendant to file a response to plaintiff's proposed

notice and for the plaintiff to file a reply **SHALL BE GOVERNED** by D.C.COLO.LCivR 7.1C.;

      6.  That the trial to the court, currently scheduled to commence on Monday, June 28, 2010, is **VACATED** and **CONTINUED**, pending further order of the court; and

      7.  That a telephonic setting hearing conference, to reset the trial preparation conference and the trial to court, is **SCHEDULED** for **June 30, 2010** at **10:00 a.m.** (MDT); provided, furthermore, that counsel for plaintiff shall be responsible for coordinating the arrangements necessary to facilitate this conference call and initiating contact with the court's Judicial Assistant, Ms. Susan Schmitz, (303) 335-2350, on the appointed date and time.

      Dated June 21, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge