IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 09-cv-01159 LTB-CBS

SALLY ANN MAEZ,

    Plaintiff,

v.

SPRINGS AUTOMOTIVE GROUP LLC.,
a Colorado Limited Liability Company

    Defendant.

## PROTECTIVE ORDER

The Court, having received and reviewed the parties' Stipulated Motion for Entry of Protective Order, and being apprised of the contents of said motion and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**HEREBY ENTERS** the following Protective Order:

1.    "Confidential Information" means all financial information provided by Defendant Springs Automotive Group LLC ("SAG"), including but not limited to (1) profit and loss statements; (2) balance sheets; (3) floor plan records; (4) bank account statements; and (5) recap or washout sheets.

2.    Confidential Information shall not be disclosed or used for any purposes outside of this litigation. Furthermore, the use of confidential information in this litigation is specifically limited to Plaintiff's review of such information for the single purpose of evaluating the settlement offer extended to Plaintiff, and the class of claimants discussed

at the settlement conference held December 21, 2010 (the "Settlement Offer"). Individuals authorized to view Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by order of the Court.

3. Confidential Information shall not, without the consent of the party producing it or further order of the Court, be disclosed to anyone except:

   a. attorneys actively working on this case;
   b. persons regularly employed or associated with attorneys actively working on this case whose assistance is required by said attorneys in evaluating the Settlement Offer;
   c. the Plaintiff actively participating in the litigation of this case;
   d. accountants or financial consultants retained in connection with this case, to the extent such disclosure is necessary for Plaintiff's evaluation of the Settlement Offer;
   e. the Court and its employees ("Court Personnel");
   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and
   g. other persons by written agreement of the parties.

4. The parties agree that prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reports), counsel shall provide such person with a copy of this Protective Order and obtain the written agreement of such person that he or she agrees to be bound

by the terms set forth herein.

7. The termination of this action, including any appeals, shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentially of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

8. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 8th day of February, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge